United States District Court
Middle District of Florida
Jacksonville Division

**BRIAN ZACHARIAS ET AL.,**

    *Plaintiffs,*

v.                                                           **NO. 3:22-cv-362-TJC-PDB**

**ALANNA C. KITZMAN & ANDREW J. KITZMAN,**

    *Defendants.*

# Order

On March 28, 2022, the defendants removed this action from state court. Doc. 1. On May 27, 2022, the plaintiffs filed a motion to strike the defendants' affirmative defenses, which was originally filed in state court. Doc. 16. The defendants responded, arguing in part the motion should be denied because it relies on state law. Doc. 19.

The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81(c)(1).

Under federal procedural law, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it is patently frivolous or clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Courts generally disfavor motions to strike because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d

1045, 1050 (6th Cir. 2015) ("Motions to strike are viewed with disfavor and are not frequently granted.").

"A motion pending in state court and not re-filed within twenty-one days after removal and in compliance with the[ local] rules is denied without prejudice." Local Rule 1.06(c).

The motion to strike relies on state procedural law and was untimely re-filed. The motion, Doc. 16, therefore is **denied without prejudice**.

**Ordered** in Jacksonville, Florida, on June 16, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*