**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRIAN ZACHARIAS, as Parents
and Natural Guardians of M.Z.,
JENNIFER ZACHARIAS, as
Parents and Natural Guardians of
M.Z., and M. Z., a minor,

    Plaintiffs,

v.                                                                                          Case No. 3:22-cv-362-TJC-PDB

ALANNA C. KITZMAN and
ANDREW J. KITZMAN,

    Defendants.

## O R D E R

This boating accident case is before the Court on Plaintiffs' Motion to Remand. (Doc. 10). Plaintiffs first filed their complaint in state court alleging that Defendants negligently crashed a boat into a tree and harmed a passenger, M.Z., a minor. (Docs. 4 ¶ 7–8; 6 ¶ 1–3). While discussing jury instructions, Plaintiffs amended their complaint to include citations to federal navigation rules.[1] (Doc. 10 at 3 n.1). In the Amended Complaint, Plaintiffs allege two negligence claims (one against each Defendant) and cite the federal navigation

---

[1] These rules include 33 C.F.R. § 83.05 (2022) (duty to keep a proper lookout); § 83.06 (duty to operate at safe speeds); § 83.07 (duty to determine if there is a risk of collision); § 83.08 (duty to avoid collision); § 83.09 (duty to keep to the outer limit of a narrow channel). (Doc. 4 at ¶¶ 16–20, 26–30).

rules to show duty and breach. (See Doc. 4 at 3–6). Defendants then removed based on the Amended Complaint invoking federal question jurisdiction. (Doc. 6).

Upon review of Defendants' Notice of Removal and Plaintiffs' Amended Complaint, the Court inquired into the basis for subject matter jurisdiction because it was unclear from the filings if citing the federal navigation rules was enough to invoke federal question jurisdiction. (Doc. 9). After the Court's inquiry, Plaintiffs filed their Motion to Remand (Doc. 10) and Defendants responded in opposition (Doc. 14).

In their Motion to Remand, Plaintiffs argue that the Court does not have jurisdiction over this case because Defendants did not remove under 28 U.S.C. § 1333 (federal admiralty jurisdiction) but instead removed under 28 U.S.C. § 1331 (federal question jurisdiction), and the federal navigation rules do not raise a stated federal issue, actually disputed and substantial.[2] (Doc. 10 at 3–9). Defendants argue that because Plaintiffs allege in their Amended Complaint that Defendants are subject to a higher duty of care under the federal navigation rules, federal question jurisdiction exists because maritime

---

[2] Plaintiffs also briefly argue that the removal was untimely. (Doc. 10 at 9–10). Because of the Court's reasoning and conclusion, the Court need not reach this issue.

negligence law applies, and the case raises a substantial federal issue. (Doc. 14 at 4–11).

> Maritime cases are different than typical federal cases. Section 1333
>> vests district courts with original jurisdiction over civil admiralty or maritime disputes, but the statute "saves to suitors"—meaning plaintiffs—"all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). While the Supreme Court has noted that the drafters' intention behind what is now § 1333 "is not entirely clear and has been the subject of some debate," it has nonetheless concluded that "the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 444, 445, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001).

DeRoy v. Carnival Corp., 963 F.3d 1302, 1313 (11th Cir. 2020) (footnote omitted). Some maritime cases, for example in rem cases, fall exclusively under federal jurisdiction. Id. at 1313 n.14. However, in cases alleging in personam maritime claims, the Eleventh Circuit has recognized that plaintiffs have three options: "(1) the plaintiff may file suit in federal court under admiralty jurisdiction . . .; (2) the plaintiff may file suit in federal court under diversity jurisdiction; or (3) the plaintiff may file suit in state court." Id. at 1314 (citations omitted). Indeed, "if the plaintiff elects to file a maritime case in state court, that case may not be removed to federal court solely on the basis of admiralty jurisdiction." Id. (citation omitted). Plaintiffs here filed their in personam

3

negligence claims in state court; thus, if Defendants have not adequately shown a separate basis of federal jurisdiction, remand is proper.

Defendants argue that the Court has federal question jurisdiction over the case. Federal question jurisdiction arises under 28 U.S.C. § 1331 and directs that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In most cases, federal claims "are those in which federal law creates the cause of action." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The Amended Complaint alleges only two state common law negligence claims, and Defendants do not argue that the regulations cited by Plaintiffs in the Amended Complaint contain (or that Plaintiffs are suing under) a federal private right of action. (See Docs. 4, 6, 14).

Removal based on § 1331 is also proper when a complaint in state court alleges a state law claim that necessarily raises a stated federal issue, "actually disputed and substantial." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper . . . ." Gunn v. Minton, 568 U.S. 251, 258 (2013). Defendants have not met this burden. In Grable, the Supreme

4

Court held that federal jurisdiction was appropriate because the case raised issues of the IRS's ability to recover delinquent taxes through the seizure and sale of property. 545 U.S. at 314–15. Similarly, in Smith v. Kansas City Title & Trust Co., the Supreme Court held that a case arose under federal law where "the plaintiff argued that the defendant bank could not purchase certain bonds issued by the Federal Government because the Government had acted unconstitutionally in issuing them." Gunn, 568 U.S. at 261 (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 198 (1921)). This case does not raise the same substantial questions raised in Grable or Smith. While it may be an important question to the parties whether Defendants violated the federal navigation rules, the question is not important generally to the federal system. See Gunn, 568 U.S. at 261, 264 (recognizing that the analysis "was not the importance of the question to the parties alone but rather the importance more generally" to the federal system as a whole). Further, the fact that the cited regulations are maritime regulations does not alter the analysis. See Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 373–74 (1959) ("Although the corpus of admiralty law is federal in the sense that it derives from the implications of Article III evolved by the courts, to claim that all enforced rights pertaining to matters maritime are rooted in federal law is a destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of maritime commerce."); Great Lakes

5

Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 816 (11th Cir. 2008) ("Florida courts are regularly required to apply principles of federal maritime law . . . .").[3]

In sum, Plaintiffs had a right to file their maritime negligence claims in state court. Defendants cannot remove the case based on the Court's admiralty jurisdiction alone, and Defendants have failed to show another basis for federal jurisdiction. Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. 10) is **GRANTED** to the extent it requests remand and **DENIED** to the extent it requests attorneys' fees.[4]

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[4] Plaintiffs ask the Court to award them attorneys' fees because, they argue, Defendants' removal was improper and not supported by law. (Doc. 10 at 10–12). The Court disagrees. While the Court believes that remand is proper, Defendants had a colorable argument for removal.

6

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, Fourth Judicial Circuit, Clay County